IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LEGRAND P. BELNAP, M.D.,<br><br>Plaintiff,<br>v.<br><br>IASIS HEALTHCARE CORPORATION, a Delaware corporation; SALT LAKE REGIONAL MEDICAL CENTER, L.P., a Delaware limited partnership, D.B.A. SALT LAKE REGIONAL MEDICAL CENTER; BEN HOWARD, M.D.; ALAN DAVIS, M.D.; ANGELO CHACHAS, M.D.; WANDA UPDIKE, M.D.; KATHY OLESON; and DOES 1–10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br>• **GRANTING [58] DEFENDANTS' MOTION TO STAY LITIGATION PENDING ARBITRATION AND**<br>• **MOOTING [56] PLAINTIFF'S MOTION TO PROCEED WITH LITIGATION**<br><br>Case No. 2:14-cv-00086-DN<br><br>District Judge David Nuffer |

Defendants previously moved to compel the arbitration[1] of all of Plaintiff's ("Dr. Belnap") claims on the basis of an arbitration provision in an agreement between Dr. Belnap and Defendant Salt Lake Regional Medical Center ("SLRMC"). That motion was granted in part as to the first cause of action against SLRMC and denied in part as to all remaining claims.[2] That decision was appealed[3] and the 10th Circuit affirmed (albeit on alternative grounds) the decision to compel arbitration as to the first cause of action against SLRMC, but the decision as to the remaining claims against SLRMC was reversed and remanded with the instruction to compel the arbitration of *all* claims against SLRMC.[4]

---

[1] Defendants' Motion to Stay the Litigation and to Compel Mediation and/or Arbitration of All Claims ("Motion to Compel"), docket no. 33, filed April 1, 2014.

[2] Memorandum Decision and Order Granting in Part and Denying in Part Motion to Stay Litigation and Compel Arbitration, docket no. 41, filed January 28, 2015.

[3] Notice of Appeal, docket no. 43, filed February 9, 2015.

[4] Mandate of USCA, docket no. 52, filed February 27, 2017.

In compliance with the 10th Circuit decision, the parties were instructed to meet and confer and determine whether to stay the claims of the remaining defendants ("Non-arbitrating Defendants") pending arbitration of the SLRMC claims or proceed with litigation.[5] The parties did not come to an agreement. Dr. Belnap filed a motion to proceed with litigation ("Motion to Proceed")[6] and the Non-arbitrating Defendants filed a motion to stay the litigation ("Motion to Stay")[7] Each party replied in opposition to the respective motions[8] and responded in support of their respective motions.[9]

After review of the motions, and for the reasons set forth herein, the Non-arbitrating Defendants' Motion to Stay is GRANTED. Dr. Belnap's Motion to Proceed is rendered MOOT.

## BACKGROUND

At this point—following the briefing on the previous Motion to Stay Litigation and Compel Arbitration,[10] the decision on that motion,[11] and the appellate decision[12]— the allegations forming the basis of the complaint are well documented. Dr. Belnap is a surgeon who specializes in organ transplantation and complex cancer cases.[13] He has been an active staff

---

[5] Order Following Instructions on Remand from the Tenth Circuit Court of Appeals, docket no. 53, filed February 27, 2017.

[6] Plaintiff's Motion to Proceed with Litigation Pursuant to Tenth Circuit Court of Appeals' Opinion, docket no. 56, filed March 17, 2017.

[7] Defendants' Motion to Stay Litigation Pending Arbitration, docket no. 58, filed March 17, 2017.

[8] Defendants' Opposition to Plaintiffs' Motion to Proceed with Litigation, docket no. 60, filed March 31, 2017; Plaintiff's Opposition Memorandum Regarding Defendants' Motion to Stay Litigation Pending Arbitration, docket no. 59, filed March 31, 2017.

[9] Plaintiff's Reply Memorandum in Support of Motion to Proceed with Litigation Pursuant to Tenth Circuit Court of Appeals' Opinion, docket no. 61, filed April 14, 2017; Defendants' Reply in Support of Motion to Stay Litigation Pending Arbitration, docket no. 62, filed April 14, 2017.

[10] Motion to Compel, docket no. 33, filed April 1, 2014.

[11] Notice of Appeal, docket no. 43, filed February 9, 2015.

[12] Mandate of USCA, docket no. 52, filed February 27, 2017.

[13] Complaint and Jury Demand ("Complaint") at ¶ 12, docket no. 2, filed Feb. 7, 2014.

member with full surgical privileges at SLRMC since 2009.[14] In February 2012, Dr. Belnap entered into a Management Services Agreement ("Agreement") with SLRMC to manage the Hepatic Surgical department's new Abdominal Treatment Program[15] (collectively referred to as the "Center").[16] Under the Agreement, Dr. Belnap and SLRMC were required to attempt to resolve any dispute between them through informal means first, then through mediation, and then through arbitration.[17]

In early 2013, Dr. Belnap allegedly offended a female employee.[18] This led to a disciplinary review of Dr. Belnap by the Medical Executive Committee ("MEC").[19] Following this review, the MEC suspended Dr. Belnap's medical privileges on March 18, 2013.[20] Dr. Belnap challenged the suspension to the Fair Hearing Committee ("FHC")[21] and the FHC concluded that the suspension was "not supported by the evidence, and [was] arbitrary and capricious."[22] The FHC recommended that Dr. Belnap's suspension be vacated and the MEC followed that recommendation.[23]

---

[14] *Id.* at ¶ 14.

[15] Management Services Agreement ("Agreement"), Recitals at ¶ 5, attached as Exhibit A to the Motion to Compel, docket no. 33-2, filed April 1, 2014.

[16] *Id.*

[17] *Id.*

[18] Complaint at ¶ 23.

[19] *Id.*

[20] *Id.*

[21] *Id.* at ¶ 29.

[22] *Id.* at ¶ 30.

[23] *Id.* at ¶ 31.

Based upon SLRMC's actions during the suspension period and thereafter, Dr. Belnap alleges that his reputation and standing in the medical community have been tarnished.[24] Dr. Belnap filed suit against the Defendants on February 7, 2014, alleging seven causes of action:

1) combination and conspiracy in restraint of trade in violation of Section 1 of the Sherman Act and Section 4 of the Clayton Act against all defendants;[25]
2) breach of contract arising for violation of the bylaws against SLRMC;[26]
3) breach of implied covenant of good faith and fair dealing against SLRMC;[27]
4) defamation and/or defamation *per se* against all Defendants);[28]
5) intentional infliction of emotional distress against all defendants;[29]
6) application for injunctive relief against all defendants;[30] and
7) request for declaratory relief for violation of the federal health care quality improvement act against all defendants.[31]

The defendants collectively responded to the Complaint by filing a Motion to Compel Mediation and/or Arbitration of All Claims.[32] The defendants argued that the broad language of the dispute resolution clause in the Agreement required *all* parties to arbitrate *all* claims arising out of or relating to the agreement.[33] Based on the conclusion that six of Dr. Belnap's claims were litigable because they were outside the scope of the agreement, that motion was granted in part and denied in part.[34] The first cause of action against SLRMC was stayed and arbitration

---

[24] *Id*. at ¶ 42.

[25] *Id*. at 13.

[26] *Id*. at 15.

[27] *Id*. at 16.

[28] *Id*. at 17.

[29] *Id*. at 19.

[30] *Id*.

[31] *Id*. at 20.

[32] Motion to Compel Mediation and/or Arbitration of All Claims, docket no. 33, filed April 1, 2014.

[33] *Id.* at 1.

[34] Memorandum Decisions and Order Granting in Part and Denying in Part Motion to Stay Litigation and Compel Arbitration, docket no. 41, filed January 28, 2015.

was ordered.[35] The remaining claims were ordered to proceed to litigation.[36] The defendants appealed that order,[37] and the 10th Circuit reversed the decision as to the remaining claims against SLRMC,[38] holding that at Dr. Belnap and SLRMC clearly and unmistakably agreed to arbitrate arbitrability and that the remaining claims against SLRMC should have proceeded to arbitration.[39] The 10th Circuit, however, affirmed the decision to deny the motion to compel arbitration as to the remaining defendants.[40]

Following remand, Dr. Belnap was ordered to submit all seven causes of action against SLRMC to arbitration and the remaining defendants and Dr. Belnap were to meet and confer to determine whether to stay the remaining litigable claims.[41] The parties could not reach an agreement,[42] and Dr. Belnap filed his Motion to Proceed[43] and the Non-arbitrating Defendants filed the Motion to Stay.[44]

## DISCUSSION

The Non-arbitrating Defendants argue that the litigation against them should be stayed pending the outcome of the arbitration between SLRMC and Dr. Belnap because proceeding with litigation *after* arbitration would promote judicial economy and avoid inconsistent results.[45]

---

[35] *Id.* at 18.

[36] *Id.*

[37] Notice of Appeal, docket no. 43, filed February 9, 2015.

[38] Mandate of USCA, docket no. 52, filed February 27, 2017.

[39] *Id.* at 38.

[40] *Id.* at 51.

[41] Order Following Instructions on Remand from the Tenth Circuit Court of Appeals, docket no. 53, filed February 27, 2017.

[42] *See* Joint Notice of Counsel's Compliance with Order's Meet and Confer Requirement, docket no. 55, filed March 10, 2017.

[43] Motion to Proceed, docket no. 56.

[44] Motion to Stay, docket no. 58.

[45] Motion to Proceed at 2.

Dr. Belnap argues that it more logical to have the arbitration proceed in tandem with the litigation[46] and that he would be prejudiced by a stay.[47]

Although "the mere fact that piecemeal litigation results from the combination of arbitrable and nonarbitrable issues [in a complaint] is not reason enough to stay [a Plaintiff's] entire case[,]"[48] district courts must consider whether "resolution of [a plaintiff's] arbitrable claims will have a preclusive effect on the nonarbitrable claims that remain subject to litigation."[49] "If there will be such a preclusive effect, especially if the arbitrable claims predominate over the nonarbitrable claims, then the district court should consider whether to stay the federal-court litigation of the nonarbitrable claims pending the arbitration outcome on the arbitrable claims."[50] The decision to stay proceedings should be "based upon consideration of judicial efficiency."[51] These considerations include "1) whether the stay "would promote judicial economy"; (2) whether the stay would avoid "possible inconsistent results"; and (3) whether the stay "would not work undue hardship or prejudice" against the plaintiff."[52] Here the seven arbitrable claims against SLRMC are the predominant claims in the complaint and undoubtedly will have a preclusive effect on the nonarbitable claims. Furthermore, the three factors of judicial efficiency weigh in favor of a stay.

The complaint asserts seven causes of action against SLRMC. The Non-arbitrating Defendants are named defendants in five of those. Dr. Belnap acknowledges that the "facts and

---

[46] Plaintiff's Opposition Memorandum Regarding Defendants' Motion to Stay Litigation Pending Arbitration at 5, docket no. 59, filed March 31, 2017.

[47] Motion to Proceed at 1.

[48] *Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 785 (10th Cir. 1998).

[49] *Id.*

[50] *Id.*

[51] *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1518 (10th Cir. 1995).

[52] *Meadows Indem. Co. Ltd. v. Baccala & Shoop Ins. Servs., Inc.*, 760 F.Supp. 1036, 1045 (E.D.N.Y.1991).

circumstances supporting Plaintiff's claims against the Defendants arise out of the Defendants' . . . disciplinary actions in 2013 . . . ."[53] His use of the collective term "Defendants" confirms that Dr. Belnap recognizes that his claims against SLRMC overlap with the claims against the Non-arbitrating Defendants. It is difficult to imagine that arbitration of the claims against SLRMC would *not* have some preclusive effect on the claims against the Non-arbitrating Defendants since they are based in the same facts and allegations. Staying the litigation pending arbitration would undoubtedly promote judicial economy because the outcome of the arbitration will likely be applicable to the claims against the Non-arbitrating Defendants.

Turning to the three factors of judicial efficiency, to have two adjudicative bodies simultaneously address claims involving the same facts and allegations is a significant waste of resources and creates the risk that the arbitration and the litigation might produce inconsistent results. Although significant time has passed in the case already, the case is not well developed. At this point it would not be prejudicial to Dr. Belnap to have an arbitrator address his claims against SLRMC first. Arguably, he stands to benefit from the process because the resolution of those claims in arbitration would likely aid in streamlining the remaining litigation of the overlapping claims. The factors of judicial efficiency weigh in favor of granting a stay.

---

[53] Plaintiff's Opposition Memorandum Regarding Defendants' Motion to Stay Litigation Pending Arbitration at 5, docket no. 59, filed March 31, 2017.

**ORDER**

IT IS HEREBY ORDERED that Defendants' Motion to Stay Litigation Pending Arbitration[54] is GRANTED. By granting that motion, Plaintiff's Motion to Proceed with Litigation Pursuant to Tenth Circuit Court of Appeals' Opinion[55] is MOOT.

Signed September 29, 2017.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[54] Defendants' Motion to Stay Litigation Pending Arbitration, docket no. 58, filed March 17, 2017.

[55] Plaintiff's Motion to Proceed with Litigation Pursuant to Tenth Circuit Court of Appeals' Opinion, docket no. 56, filed March 17, 2017.